UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **LENA DAUPHINE** | **CIVIL DOCKET NO. 6:24-cv-00170** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **ALLSTATE VEHICLE & PROPERTY INSURANCE COMPANY** | **MAGISTRATE JUDGE DAVID J. AYO** |

## MEMORANDUM RULING

Before the Court is a MOTION FOR SUMMARY JUDGMENT [Doc. 25] (the "Motion") filed by Allstate Vehicle & Property Insurance Company (hereinafter, "Allstate" or "Defendant"). Plaintiff Lena Dauphine failed to timely oppose the Motion or otherwise respond. For the following reasons, Defendant's Motion is GRANTED.

### BACKGROUND

This lawsuit arises out of alleged damages caused by Hurricane Ida to Plaintiff's property located at 1102 Knight St., St. Martinville, LA 70582 (the "Property"). [Doc. 1-2]. Plaintiff alleges that at the time Hurricane Ida made landfall in Louisiana on August 29, 2021, Plaintiff's property was covered by an Allstate policy that protected the property against loss and damage caused by, among other perils, wind and water. Plaintiff alleges that she timely provided notice of the loss to Allstate and took reasonable steps to mitigate the damage caused by the loss event as soon as reasonably possible. Plaintiff further alleges that Allstate performed an inspection of the damage to the property, but that the adjuster assigned to the claim conducted a substandard investigation and inspection of the property; prepared a report that

did not include all the damages that were visible during the inspection; and denied and/or undervalued the damages observed during the inspection. [Doc. 1-2, ¶ 14].

Plaintiff filed suit in the Sixteenth Judicial District Court for the Parish of St. Martin, alleging breach of contract and bad faith on the part of Allstate under La. R.S. § 22:1892 and § 22:1973. [*Id.*]. Allstate removed the matter to this Court on February 6, 2024. [Doc. 1].

Allstate filed the instant Motion on July 25, 2024, asserting that no valid insurance policy covering the Plaintiff's property exists between Plaintiff and Allstate. [*See* Doc. 1-2].[1] Plaintiff has failed to oppose or otherwise respond to the Motion. All applicable deadlines having passed, the Motion is now ripe for ruling.

## LAW AND ANALYSIS

### I. Summary Judgment Standard

A court should grant a motion for summary judgment when the pleadings, including the opposing party's affidavits, "show that there is no dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). In applying this standard, the Court should construe "all facts and inferences in favor of the nonmoving party." *Deshotel v. Wal-Mart Louisiana, L.L.C.*, 850 F.3d 742, 745 (5th Cir. 2017); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("The evidence of the non-movant is to be believed, and all justifiable inferences are to be

---

[1] The Complaint does not provide a specific policy number, instead stating that, "Defendant has either not yet responded or otherwise denied Plaintiff's request for the production of its policy number." [Doc. 1-2, p. 7].

drawn in his favor."). As such, the party moving for summary judgment bears the burden of demonstrating that there is no genuine dispute of material fact as to issues critical to trial that would result in the movant's entitlement to judgment in its favor, including identifying the relevant portions of pleadings and discovery. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the moving party's motion for summary judgment if the movant fails to meet this burden. *Id.*

If the movant satisfies its burden, however, the nonmoving party must "designate specific facts showing that there is a genuine issue for trial." *Id.* (citing *Celotex*, 477 U.S. at 323). In evaluating motions for summary judgment, the court must view all facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). There is no genuine issue for trial – and thus a grant of summary judgment is warranted – when the record as a whole "could not lead a rational trier of fact to find for the non-moving party ..." *Id.*

In diversity cases such as this one, federal courts apply state substantive law and federal procedural law. *Moore v. State Farm Fire & Cas. Co.*, 556 F.3d 264, 269 (5th Cir. 2009); *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *Gasperini v. Ctr. For Humanities, Inc.*, 518 U.S. 415, 427 (1996). Additionally, in this case, Louisiana law applies because the provisions of an insurance policy are interpreted in accordance with the law of the state where the policy was issued. *Adams v. Unione Mediterranea Di Sicurta*, 220 F.3d 659, 677-78 (5th Cir. 2000). Accordingly, the Court applies Louisiana law to Plaintiff's claims for breach of contract and bad faith.

## II. Analysis

In order to succeed on her breach of contract claim, Plaintiff must prove the existence of the contract, a breach of the obligations therein, and damages. *Allday v. Newpark Square I Off. Condo. Ass'n, Inc.*, 327 So. 3d 566, 574 (La. App. 5th Cir. 2021). *See also New Orleans Craft Temple, Inc. v. Grand Lodge of Free Masons of the State of Louisiana*, 131 So. 3d 957, 964 (La. App. 5th Cir. 2013); *Favrot v. Favrot*, 68 So. 3d 1099 (La. App. 4th Cir. 2011), *writ denied*, 62 So. 3d 127 (La. 2011). Importantly, "no action for breach of contract may lie in the absence of privity of contract between the parties." *Long v. Jeb Breithaupt Design Build Inc.*, 4 So. 3d 930, 941–42 (La. App. 2nd Cir. 2009); *Howard v. First United Pentecostal Church of DeRidder La*, 2022 WL 194380, at *2 (W.D. La. Jan. 20, 2022); *K & B Louisiana Corp. v. Caffery-Saloom Retail, L.L.C.*, 2017 WL 778144, at *3 (W.D. La. Jan. 27, 2017), *report and recommendation adopted*, 2017 WL 777966 (W.D. La. Feb. 24, 2017), *citing Pearl River Basin Land & Dev. Co. v. State of Louisiana*, 29 So. 3d 589, 593 (La. App. 1st Cir. 2009).

Here, Allstate argues that there is no evidence of an insurance contract between Plaintiff and Allstate. In support of its argument, Allstate submitted the affidavit of Megan Thompson-McKenna, Senior Product and Risk Management Litigation Consultant, who affirmed that she searched Allstate's records using Plaintiff's name and, in the alternative, the address of the subject property, and found no homeowner's insurance policy effective for August 29, 2021, or at any time during 2021. [Doc. 25-2]. Plaintiff did not include a policy number in her Complaint and

failed to respond with any evidence of a policy. There is therefore no genuine dispute of material fact regarding the existence of an insurance contract between Plaintiff and Allstate. This dooms both Plaintiff's breach of contract claim and accompanying bad faith claim.

## CONCLUSION

Therefore, for the foregoing reasons,

IT IS HEREBY ORDERED that Defendant's MOTION FOR SUMMARY JUDGMENT [Doc. 25] is GRANTED.

IT IS FURTHER ORDERED that this action is DISMISSED WITH PREJUDICE.

THUS, DONE AND SIGNED in Chambers on this 29th day of August 2024.

_____
DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE